**\*E-FILED 10/9/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTINE RIOS, et al., | NO. C 06-7036 RS |
| Plaintiffs, | **ORDER RE MOTIONS *IN LIMINE*, AND PLAINTIFFS' REQUEST FOR LEAVE TO DESIGNATE AN EXPERT WITNESS** |
| v. | |
| THE CITY OF SAN JOSE, et al., | |
| Defendants. | |

On September 29, 2008, plaintiffs and defendants filed separate motions *in limine*. On October 8, 2008, a hearing was held on those motions in conjunction with the pretrial conference. Plaintiffs bring six motions *in limine* while defendants bring two motions. At the hearing, plaintiffs also requested leave to designate an expert witness on police practices. The parties' respective motions having been fully briefed and argued, the order of the Court is as follows:

A.  Plaintiffs' Motions

    1.  Motions *in Limine*

        a.  Numbers One & Three

Because defendants do not object to excluding Jose Rios' prior convictions from 1997 and 1994, or evidence of Christine Rios' custody dispute with Enrique Paz, the first and third motions to exclude are granted.

        b.  Number Two

1

Plaintiffs seek to exclude evidence regarding a domestic violence incident between Christine Rios and Jose Rios that occurred two weeks before Jose Rios was killed. This matter will be taken under submission.

### c. Number Four

In their fourth motion *in limine*, plaintiffs seek to limit three aspects of expert witness Gregory Meyer' testimony. First, plaintiffs argue that Meyer should not be allowed to render an opinion about the medical safety of a taser because he is not a doctor. At the hearing, defendants reiterated that they do not oppose the motion, and accordingly Meyer will be precluded from offering any medical opinion regarding taser safety.

Second, plaintiffs maintain that opinion twenty-five in Meyer's expert witness disclosure should be excluded from his testimony at trial. Meyer is expected to testify that a taser generally is an effective and safer alternative to other types of force. Plaintiffs acknowledge that they are not contesting that a taser can be a safe alternative, but rather that it was unsafe as used here. Defendants, on the other hand, suggest that Meyer can testify to background information about how a taser works and what it is expected to do in the context of police practices. Such background information regarding taser use is relevant and may assist the trier of fact. Consequently, the motion is denied.

Third, plaintiffs seek to exclude the use of Meyer's exhibit number nine, which is the taser manufacturer's training bulletin from 2008 that modified its earlier training bulletin from 2005. Plaintiffs allege that the 2005 bulletin is significant because it provides warnings to police officers about potential medical risks in deploying a taser, which were to be passed on to the defendant police officers in this case. The 2008 bulletin, by contrast, is not relevant to the events surrounding Rios' 2005 death according to plaintiffs, in that it is not probative of what the defendant officers knew at the time. That said, the 2008 bulletin may nonetheless be relevant on the issue of causation. The motion to exclude exhibit number nine is denied, but the parties are to develop a limiting instruction to be given at the time the 2008 bulletin is introduced.

### d. Number Five

In their fifth motion, plaintiffs seek to exclude the testimony of Dr. Brian Peterson who defendants designated to testify, among other subjects, about the "proximate cause" of Rios' death. As the use of terms that also carry legal significance could confuse the jury, the motion is granted in part, and defendants are instructed to distinguish between medical and legal terms such as proximate cause to the extent possible. Where such terms must be used by the witness consistent with the language employed in his field of expertise, the parties shall craft a limiting instruction to advise the jury of the distinction between those terms and the issues they will be called upon to determine.

  e. <u>Number Six</u>

Plaintiffs seek to exclude Dr. Ho's expert opinion that the taser did not contribute to Rios' death because it is cumulative with Dr. Peterson's and Dr. Vincent Di Maio's expert testimony. Defendants argue that all three doctors will testify to different medical aspects, and that their testimony will not overlap with the testimony of the other experts. The motion will be denied to the extent that Dr. Ho will be permitted to testify regarding the medical impact of taser use but will be precluded from rendering duplicative opinion testimony from defendants' other medical experts.

  2. <u>Expert Witness Designation</u>

At the hearing, plaintiffs requested leave to make a late designation of an expert witness on police practices. Despite plaintiffs' counsel's arguments that he was not able to obtain such an expert witness until October 1, 2008, the dates for designating witnesses has long since passed. On the eve of trial, plaintiffs did not offer a sufficient basis for relief from the already once extended deadline for expert witness designation and the motion will therefore be denied.

B. <u>Defendants' Motions *in Limine*</u>

Defendants bring two motions *in limine*. The first motion seeks to exclude alleged prior "bad acts" by the defendant police officers when they allegedly used excessive force in the past. At the hearing, plaintiffs acknowledged that they do not oppose the exclusion of such prior bad acts, if any. Accordingly, the motion will be granted.

United States District Court
For the Northern District of California

Defendants' second motion seeks to exclude facts relating to a meeting with high ranking police officers and Dr. Happy, the coroner involved in the incident. After Dr. Happy issued the death certificate for Rios that listed a taser as a contributing factor in his death, five high ranking members of the San Jose Police Department met with Dr. Happy and advised him that they did not want to see the listing of a taser as a contributing cause in any future cases. The officers also expressed anger that such a listing was made in Rios' death certificate, but acknowledged it was too late to change the coroner's report.

Under Rule 403 of the Federal Rules of Evidence, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of undue prejudice. While it does not seem that this meeting is relevant to whether the officers or the City of San Jose bear any liability for Rios' death, the probative value could be, at best, used to draw an inference relevant to the *Monell* claim that training guidelines for the taser were disregarded. Such tenuous probative value is outweighed by the danger that the jury would punish defendants for attempting to conceal information after the fact where the focus of the inquiry is on what training the officers received on taser use prior to the events leading to Rios' death. The motion to exclude, therefore, will be granted.

IT IS SO ORDERED.

Dated: October 9, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE MOTIONS *IN LIMINE*, AND PLAINTIFFS' REQUEST FOR LEAVE TO DESIGNATE AN EXPERT WITNESS
C 06-7036 RS

4